42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur HARRIS, Plaintiff-Appellant,
v.
C.J. LAWLER, Defendant-Appellee.
 No. 93-17239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Arthur Harris appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against prison officials. The issue on appeal is whether Harris's complaint should be served on defendants. We affirm in part, and vacate in part and remand.
 
 
 3
 * Harris alleges that C.J. Lawler, R. Bellechey, and other defendants identified only as the "Classification Committee" verbally harassed him based on his race and mental health, and refused to transfer him to a federal prison. Harris also claims these defendants denied him due process in the course of prison classification and disciplinary proceedings by arbitrarily deciding that he was mentally ill and by taking various actions based on this ruling and on his refusal to accept treatment. Harris seeks damages, injunctive relief in the form of restored "good time" credit, and expunction of the mental illness finding and of his criminal conviction. His request for appointed counsel was denied by the district court.
 
 
 4
 Prior to issuance and service of process, the district court issued an extensive order rejecting Harris's verbal harassment claims, his request for a transfer to federal prison, and his unexhausted challenge to his conviction. However, the court found that the classification and discipline claims were arguable, based on Harris's allegations that the decisions were arbitrary and that they contravened his right under Cal.Code Regs. tit. 15, Sec. 3351, to refuse medical treatment. Nevertheless, the district court dismissed the discipline claim because Harris did not identify the defendants involved and because he had not exhausted his state remedies. The court also dismissed the classification claim with leave to amend so that Harris could identify certain defendants by name. The district court provided Harris 30 days within which to amend, but Harris instead immediately appealed the court's order.
 
 II
 
 5
 Ordinarily dismissals granting leave to amend are not final orders appealable under 28 U.S.C. Sec. 1291. McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992). However, "if the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint ... the order of dismissal is final and appealable." Id. (quotation omitted). At least one of these exceptions applies here. Harris indicates he intended to use the discovery process to obtain the names of unidentified defendants. Because discovery usually would not proceed until service of process, Harris appears unable to identify certain defendants at this point and thus the defect which led to the dismissal of his complaint is not easily cured. Harris also states in his appellate brief that he "will not ... amend his complaint as ordered." Thus, he appears to stand on the complaint as drafted. Accordingly, the dismissal is a final, appealable order, and we have jurisdiction under 28 U.S.C. Sec. 1291.
 
 III
 
 6
 A court's sua sponte dismissal of a complaint before issuance and service of process is construed as a dismissal under 28 U.S.C. Sec. 1915(d), Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), which we review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A frivolous claim is one which lacks an arguable basis in either law or fact. Nietzke v. Williams, 490 U.S. 319, 325 (1989); see McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991).
 
 
 7
 We affirm the district court's dismissal of Harris's claims of verbal harassment, his request for a transfer to federal prison, and the challenge to his conviction. First, claims of verbal harassment are not cognizable under 42 U.S.C. Sec. 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983). Second, there is no basis in law to support Harris's claim of a due process right to be transferred to federal prison. See Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.1985). Finally, none of Harris's factual allegations bear any relation to his conviction and there is no indication he has exhausted state avenues for challenging his conviction as required by 28 U.S.C. Sec. 2254(b).
 
 
 8
 Regarding Harris's due process claim challenging the classification proceedings, the district court found this claim had an arguable basis in law and fact. Although the court properly requested Harris to identify the unnamed defendants involved in this claim, his complaint cannot be dismissed prior to service of process on the ground he refused to comply with the request. If a complaint has an arguable basis in both law and fact, the plaintiff is entitled to issuance and service of process even if the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). See McKeever, 932 F.2d at 798; Jackson, 885 F.2d at 640. Failure to identify defendants by name does not invalidate a claim. See Gillespie v. Civiletti, 629 F.2d 637, 642-43 (9th Cir.1980) (plaintiff may be entitled to use discovery to identify unknown defendants). Because the district court found that Harris's classification claim was not frivolous, we vacate dismissal of the claim and direct that it be served on the named defendants.
 
 
 9
 The district court also dismissed Harris's claim concerning disciplinary proceedings even though the court found "plaintiff has alleged a cognizable claim for the denial of due process." The court concluded Harris was required to exhaust state remedies regarding this claim and, because the particular defendants involved in the disciplinary hearing were not identified, the district court dismissed the claim rather than staying the claim pending exhaustion. Harris's complaint indicates, however, that he has taken some steps to exhaust the claim and, as stated above, his failure to identify specific defendants does not invalidate the claim. We conclude the claim regarding disciplinary proceedings should also be served on defendants because it appears substantially similar to and perhaps intertwined with the classification claim, which the court found arguable. See also Franklin v. Oregon, 662 F.2d 1337, 1347-48 (9th Cir.1981) (where nonfrivolous action is construed as a habeas petition, summons should issue "at least to determine whether [the plaintiff] had exhausted state remedies").
 
 
 10
 Finally, the district court did not abuse its discretion by denying Harris's request for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). On remand, the parties and the district court should consider Cal.Code Regs. tit. 15, Sec. 3363, which provides a more limited right for California inmates to refuse treatment for mental illness.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3